IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JIMMIE MARK PARROTT | § | |
| v. | § | CIVIL ACTION NO. 6:15cv866 |
| BRAD LIVINGSTON, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Jimmie Parrott, a former inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Parrott filed his lawsuit while he was in confinement. Accordingly, he is required to pay the full $350.00 filing fee and the fact he was released after filing the lawsuit did not affect this obligation, which arose at the moment the lawsuit was filed. *Gay v. Texas Department of Corrections, State Jail Division*, 117 F.3d 240, 242 (5th Cir. 1997); *Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

Upon his release, Parrott could no longer satisfy the filing fee requirement through periodic payments from an inmate trust account, as provided for in 28 U.S.C. §1915(b)(2). The Magistrate Judge therefore ordered Parrott to pay the statutory filing fee through monthly payments of $10.00, with the first payment due on December 15, 2016. Parrott was subsequently granted an extension of time until February 6, 2017, but no payments have been forthcoming.

The Magistrate Judge also directed Parrot to file an amended complaint by December 8, 2016, setting out a short and plain statement of his claim. The order provided guidance by directing

1

Parrott to set out all of the claims he wished to raise and name all of the Defendants whom he wished to sue. Parrott was granted an extension of time until February 6, 2017. While he did file an amended complaint, this amended complaint did not comply with the Magistrate Judge's order because it did not name any defendants, much less explain how anyone was involved in the facts forming the basis of the claim.

On March 6, 2017, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for failure to prosecute or to obey an order of the Court. The Magistrate Judge also recommended that the statute of limitations be suspended for a period of 90 days following the date of entry of the order of dismissal.

Parrott received a copy of this Report on March 14, 2017, but filed no objections; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law"). It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 42) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or to obey an order of the Court. It is further

**ORDERED** that the statute of limitations on the claims raised in this lawsuit is **SUSPENDED** for a period of ninety days following the date of entry of final judgment in this case.

This suspension of the limitation period affects only those claims which were not barred by limitations as of the date the original complaint was signed, on July 6, 2015. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **May, 2017.**

_____
Ron Clark, United States District Judge